Alan L. Frank, Esq.
Alan L. Frank Law Associates, P.C.
135 Old York Road
Jenkintown, PA 19046
215-935-1000
215-935-1110 (fax)
afrank@alflaw.net
Counsel for Plaintiff

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **Heartrepreneur, LLC,** | : | |
| | : | Civil Case |
| Plaintiff, | : | Docket Number: |
| | : | |
| v. | : | Jury Trial Demanded |
| | : | |
| **Jocelyn Jones,** | : | |
| **Karen Swanson,** | : | |
| **Karen Saxe Eppley,** | : | |
| **Robin Helm,** | : | |
| **Denye Scott,** | : | |
| **Cinnamon Alvarez,** | : | |
| **Vickie Helm,** | : | |
| **Tracy Revell,** | : | |
| | : | |
| Defendants. | : | |
| | : | |

## COMPLAINT

### PARTIES

1.  Heartrepreneur, LLC is a Pennsylvania limited liability company with a business address at 727 Mallard Place, North Wales, PA 19454.  Heartrepreneur has one member, Mark Levine, who is an individual domiciled in Pennsylvania.

2.  Defendant Jocelyn Jones is an adult individual residing in New York with an address at 5516 Bly Hill Road, Ashville, NY 14710.

3.      Defendant Karen Swanson is an adult individual residing in Michigan with an address at 7901 E. Belleview Ave., #450, Englewood, CO 80111.

4.      Defendant Karen Saxe Eppley is an adult individual residing in Pennsylvania with an address at 2275 Dandridge Drive, York, PA 17403.

5.      Defendant Robin Helm is an adult individual residing in Colorado with an address at 48 Crestone Ct., Westcliffe, CO 81252.

6.      Defendant Denye Scott is an adult individual residing in Colorado with an address at 7138 S. Elk Ct., Aurora, CO 80016.

7.      Defendant Cinnamon Alvarez is an adult individual residing in California with an address at 520 E. Park St., Ontario, CA 91761.

8.      Defendant Vickie Helm is an adult individual residing in Colorado with an address at 48 Crestone Ct., Westcliffe, CO 81252.

9.      Defendant Tracy Revell is an adult individual residing in Colorado with an address at 7558 E. Warren Circle, #6104, Denver, CO 80231.

## JURISDICTION AND VENUE

10.     The Court has subject matter jurisdiction under 28 U.S.C. § 1331 because the Plaintiff asserts claims under the Lanham Act, 15 U.S.C. § 1125 *et seq.* The Court has subject matter jurisdiction over the state law claims under 28 U.S.C. §1367(a) because they are so related that they form part of the same case or controversy.

11.     Venue is proper under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to this action occurred in this District.

## SUMMARY OF THE CASE

2

12.     The Plaintiff, Heartrepreneur, provides business coaching and consulting, professional training courses, and training seminars for business owners. Heartrepreneur's clients are usually businesses or the proprietors of businesses. The Defendants are all either former independent contractors of Heartrepreneur or prospective business partners of Heartrepreneur.

13.     Two months ago, the Defendants quit and started a competing business called "ENCOREpreneur." The Defendants falsely told Heartrepreneur's customers that the head of Heartrepreneur, Terri Levine, was physically too weak to help customers because of an illness. Despite confidentiality agreements (Exhibits A-D), the Defendants have used Heartrepreneur's own customer lists to target Heartrepreneur's customers.

14.     The Defendants copied Heartrepreneur's messages nearly *verbatim* and sent those messages to customers as their own. The Defendants have also copied Heartrepreneur's common phrases and idioms:  referring to business groups as "tribes" or "ecosystems", and referring to itself as a "Movement." Customers have already said that they thought ENCOREpreneur was a part of Heartrepreneur. (Exhibits E, F, and G.) This was caused by the Defendants using the same employees to target the same customers with the same messages and a nearly-rhyming brand, while implying that they are only reaching out to customers because Levine is unable to do so (i.e., implying that the Defendants are reaching out to customers because Terri Levine is unable, not because they are trying to take the customers away from Heartrepreneur).

15.     The Plaintiff brought this case to obtain injunctive relief barring the Defendants' conduct and to seek damages.

## FACTS

3

16.     Heartrepreneur is a consulting firm that provides business coaching, professional training courses, and training seminars to its clients.  Heartrepreneur's clients are usually businesses or the proprietors of businesses.

17.     Four of the Defendants were independent contractors of Heatrepreneur:  Jocelyn Jones, Karen Swanson, Karen Saxe Eppley, and Cinnamon Alvarez.

18.     Six Defendants signed confidentiality agreements with Heartrepreneur:

Jocelyn Jones (Exhibit A)
Karen Swanson (Exhibit B)
Karen Saxe Eppley (Exhibit C)
Cinnamon Alvarez (Exhibit D)

19.     Two Defendants, Robin and Vickie Helm, were prospective business partners for Heartrepreneur.

20.     The contracts at issues (Exhibits A-D) contain the same or substantially the same language.

21.     Section 2 defines "Proprietary and Confidential Information" to include, among other things, marketing plans, customer information, business and personal growth methodologies, and trade secrets.

22.     Section 3 requires the Defendants to treat such information as confidential, and not to disclose it except as otherwise permitted in the agreement.

23.     Section 4 prohibits the Defendants from using Proprietary and Confidential Information for other business purposes or to derive a pecuniary gain, and requires the information to be returned.

24.     Section 8 provides remedies for a breach, including injunctive relief.

25.     The Defendants obtained Heartrepreneur's customer information while employed at Heartrepreneur.

26.     The Defendants left Heartrepreneur approximately two months ago.  Instead of returning the information at the termination of their employments, the Defendants are using Heartrepreneur's own customer information to compete directly with Heartrepreneur for the same customers.

27.     The Defendants began offering competing products and services under the name "ENCOREpreneur" or "ENCORE-preneur."

28.     The Defendants have falsely told Heartrepreneur's customers that the head of Heartrepreneur, Terri Levine, is physically too weak to deal with clients because of an illness.

29.     The Defendants have copied Heartrepreneur's client outreach messages nearly word for word, and the Defendants have been sending those messages as their own to Heartrepreneur's customers.

30.     The Defendants have also copied Heartrepreneur's common phrases:  for example, referring to business groups as "tribes" or "ecosystems", and referring to itself as a "Movement."

31.     The combination of these acts and misrepresentations has caused customers to believe that Defendants are still part Heartrepreneur, and that "ENCOREpreneur" is affiliated with Heartrepreneur:  using the same employees to target the same customers with the same messages and a nearly-rhyming brand, while implying that a Levine's debilitating illness is the reason for the Defendants contacting the customers (i.e., implying that the Defendants are reaching out to customers because Terri Levine is unable, not because they are trying to take the customers away from Heartrepreneur).

32.     The Defendants have used that confusion, deceptive and misleading statements, and confidential customer information to take Heartrepreneur's customers.

### COUNT I
### Violations of the Lanham Act

**(Plaintiff v. All Defendants)**

33.     Plaintiff incorporates by reference the foregoing paragraphs as though set forth fully herein.

34.     The Defendants' advertising and promotional claims as described above constitute false and/or misleading descriptions of fact in interstate commercial advertising and promotion.

35.     The Defendants' conduct includes:

    a.      copying Heartrepreneur's messages and then sending nearly *verbatim* messages to Heartrepreneur's customers.

    b.      copying Heartrepreneur's common phrases or expressions.

    c.      using a confusingly similar name, "ENCOREpreneur" or "ENCORE-preneur."

    d.      using the same employees to market the confusingly similar product or services.

    e.      obtaining Heartrepreneur's customer lists while employed at Heartrepreneur and, in violation of non-solicitation clauses, using the customer lists to send the deceptive and confusing messages to Heartrepreneur's customers.

    f.      telling Heartrepreneur's customers that Terri Levine is physically unable to help clients.

36.     The Defendants' claims and actions convey the impressions:

    a.      that the Defendants' brand "ENCOREpreneur" or "ENCORE-preneur" is a brand of Heartrepreneur, that it is a new product or service from Heartrepreneur, and/or that it is otherwise affiliated with Heartrepreneur.

    b.      that the individual Defendants are still employed by Heartrepreneur or are otherwise acting on behalf of Heartrepreneur.

      c.     that the head of Heartrepreneur is physically unable to serve customers because of an illness.

37.     The Defendants statements constitute false and/or misleading descriptions of fact in interstate commercial advertising or promotion, in violation of section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

38.     The Defendants' false and misleading statements are material in that, as a result thereof, Heartrepreneur's customers will believe that ENCOREpreneur is part of Heartrepreneur; that the individual Defendants are acting for Heartrepreneur; and that the head of Heartrepreneur is unable to serve clients.

39.     The Defendants' false and misleading statements have caused, and will continue to cause, substantial harm to the Plaintiff's business reputation, injury to the Plaintiff's goodwill, loss of competitive advantage, pecuniary damages, and irreparable harm.

      WHEREFORE, the Plaintiff requests judgment in its favor and against the Defendants for damages, costs, interest, treble and/or punitive damages, and injunctive relief as set forth in Count VI below.

## COUNT II
### Unfair Competition
### (Plaintiff v. All Defendants)

40.     Plaintiff incorporates by reference the foregoing paragraphs as though set forth fully herein.

41.     As set forth above, the Defendants made false or misleading statements, including:

      a.     copying Heartrepreneur's messages and then sending nearly *verbatim* messages to Heartrepreneur's customers.

      b.     copying Heartrepreneur's common phrases or expressions.

c.      using a confusingly similar name, "ENCOREpreneur" or "ENCORE-preneur."

d.      using the same employees to market the confusingly similar product or services.

e.      obtaining Heartrepreneur's customer lists while employed at Heartrepreneur and, in violation of non-solicitation clauses, using the customer lists to send the deceptive and confusing messages to Heartrepreneur's customers.

f.      telling Heartrepreneur's customers that Terri Levine is physically unable to help clients.

42.     The Defendants' claims and actions convey the impressions:

a.      that the Defendants' brand "ENCOREpreneur" or "ENCORE-preneur" is a brand of Heartrepreneur, that it is a new product or service from Heartrepreneur, and/or that it is otherwise affiliated with Heartrepreneur.

b.      that the individual Defendants are still employed by Heartrepreneur or are otherwise acting on behalf of Heartrepreneur.

c.      that the head of Heartrepreneur is physically unable to serve customers because of an illness.

43.     As a result of the Defendants' conduct, there is actual deception or a tendency to deceive a substantial portion of the intended audience.

44.     The Defendants' deception is material in that, as a result thereof, Heartrepreneur's customers will believe that ENCOREpreneur is part of Heartrepreneur; that the individual Defendants are acting for Heartrepreneur; and that the head of Heartrepreneur is unable to serve clients.

45.     The Defendants' false and misleading statements have caused, and will continue to cause, substantial harm to the Plaintiff's business reputation, injury to the Plaintiff's goodwill, loss of competitive advantage, pecuniary damages, and irreparable harm.

WHEREFORE, the Plaintiff requests judgment in its favor and against the Defendants for damages, costs, interest, treble and/or punitive damages, and injunctive relief as set forth in Count VI below.

## COUNT III
## Breach of Contract
### (Plaintiff v. Jocelyn Jones, Karen Swanson, Karen Saxe Eppley, and Cinnamon Alvarez)

46.     Plaintiff incorporates by reference the foregoing paragraphs as though set forth fully herein.

47.     The contracts at issues (Exhibits A-D) contain the same or substantially the same language.

48.     The Defendants executed the agreements and agreed to the terms in the agreements in consideration for employment and as a condition of employment by Heartrepreneur.

49.     The agreements are valid, binding, and enforceable contracts.

50.     Section 2 defines "Proprietary and Confidential Information" to include, among other things, marketing plans, customer information, business and personal growth methodologies, and trade secrets.

51.     Section 3 requires the Defendants to treat such information as confidential, and not to disclose it except as otherwise permitted in the agreement.

52.     Section 4 prohibits the Defendants from using Proprietary and Confidential Information for other business purposes or to derive a pecuniary gain, and requires the information to be returned.

9

53.    Section 8 provides remedies for a breach, including injunctive relief.

54.    The Defendants obtained Heartrepreneur's customer information while employed at Heartrepreneur.

55.    Instead of returning the information at the termination of their employments, the Defendants are using Heartrepreneur's own customer information to compete directly with Heartrepreneur for the same customers.

56.    As a result of the Defendants' conduct, the Plaintiff has suffered damages.

WHEREFORE, the Plaintiff requests judgment in its favor and against the Defendants for damages, costs, interest, treble and/or punitive damages, and injunctive relief as set forth in Count VI below.

### COUNT IV
### Defamation
### (Plaintiff v. All Defendants)

57.    Plaintiff incorporates by reference the foregoing paragraphs as though set forth fully herein.

58.    The Defendants made knowingly false statements to the Plaintiff's customers that head of Heartrepreneur, Terri Levine, was physically unable to help clients because of an illness.

59.    The Defendants' statements were about the Plaintiff, and were understood as such by the recipients.

60.    The statements had a false and defamatory meaning – that Terri Levine was unable to serve clients – and were understood as such by the recipients.

61.    As a result of the Defendants' conduct, the Plaintiff has suffered damages.

10

62.     The false statements were directly targeted at the Plaintiff's ability to serve clients. The false statements thereby harmed the Plaintiff's professional reputation and were therefore defamation *per se*.

WHEREFORE, the Plaintiff requests judgment in its favor and against the Defendants for damages, costs, interest, treble and/or punitive damages, and injunctive relief as set forth in Count VI below.

### COUNT V
### Trademark Infringement
### (Plaintiff v. All Defendants)

63.     Plaintiff incorporates by reference the foregoing paragraphs as though set forth fully herein.

64.     The Plaintiff has obtained a federal registration for the mark "Heartrepreneur."

65.     The Plaintiff's mark is valid and legally protectable.

66.     The mark is owned by the Plaintiff.

67.     The Defendants have used the mark "ENCOREpreneur" or "ENCORE-preneur" in connection with their competing goods and services.

68.     The Defendants' use of the mark is likely to create confusion – and has already created confusion – as to the origin of the Defendants' goods and services.

69.     In addition, the Defendants' other conduct has increased the likelihood of confusion as to the origin of the Defendants' goods and services:  specifically, using the same employees to market the Defendants' goods and services, copying Heartrepreneur's common phrases, sending messages to consumers which copy Heartrepreneur's messages nearly *verbatim*, and using the Plaintiff's customer lists to target the Plaintiff's customers, while telling consumers that the head of Heartrepreneur cannot work because of an illness.

11

70.     The Defendants' conduct constitutes trademark infringement under both the Lanham Act, 15 U.S.C. § 1114, and Pennsylvania state law.

71.     As a result of the Defendants' conduct, the Plaintiff has suffered damages.

        WHEREFORE, the Plaintiff requests judgment in its favor and against the Defendants for damages, costs, interest, treble and/or punitive damages, and injunctive relief as set forth in Count VI below.

## COUNT VI
### Injunctive Relief
### (Plaintiff v. All Defendants)

72.     Plaintiff incorporates by reference the foregoing paragraphs as though set forth fully herein.

73.     The Defendants' conduct continues to cause irreparable harm to the Plaintiff.

74.     An award of money damages will not be sufficient to compensate the Plaintiff if the Defendants' actions continue.

75.     Accordingly, equitable relief is proper, in the form of an injunction prohibiting the Defendants from violating their non-solicitation clauses; continuing to make false statements about the physical health of the head of Heartrepreneur; using the name "ENCOREpreneur" or "ENCORE-preneur"; and copying the Plaintiff's common phrases and messages.

        WHEREFORE, the Plaintiff requests and injunction prohibiting the Defendants from violating their non-solicitation clauses; continuing to make false statements about the physical health of Terri Levine; using the name "ENCOREpreneur" or "ENCORE-preneur"; and copying the Plaintiff's common phrases and messages.

12

Respectfully submitted,

Alan L. Frank, Esq.  (PA 34414)
Alan L. Frank Law Associates, P.C.
135 Old York Road
Jenkintown, PA 19046
215-935-1000
215-935-1110 (fax)
afrank@alflaw.net
Counsel for Plaintiff

Dated:  June 7, 2018

13

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury for all counts so triable.

Respectfully submitted,

Alan L. Frank, Esq.
Alan L. Frank Law Associates, P.C.
135 Old York Road
Jenkintown, PA 19046
215-935-1000
215-935-1110 (fax)
afrank@alflaw.net
Counsel for Plaintiff

June 7, 2018